# FALL SESSIONS,
## 1902.

————•————

PHILIP REYBOLD *vs.* SAMUEL M. DENNY and JAMES A. DENNY,
trading as DENNY BROS.

*Assumpsit—Affidavit of Demand — Account — Statute—Judgment
Refused—Practice.*

In an affidavit of demand the plaintiff deposed that annexed thereto was "a
copy of the account sued upon in this action"; and it nowhere appeared that the
cause of action sued upon was a "book account," or that the paper attached was a
copy of a book entry.   Judgment refused.

(*September 17, 1902.*)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*William T. Lynam* for plaintiff.

*William S. Hilles* for the defendant.

Superior Court, New Castle County, September Term, 1902.

Sums. Case (No. 162, September Term, 1902).

Motion that judgment be refused notwithstanding affidavit of demand.

Attached to the affidavit of demand was the following copy of account:

"Wilmington, Del., Sept. 15, 1902.

"Samuel M. Denny and
"James A. Denny, trading as
"Denny Bros.
                "To Philip Reybold, Dr.
"Jan. 1st, 1900.—To work and labor done and services rendered in sale of Steamer Endeavor, seven hundred dollars ($700.00) "

The plaintiff in his affidavit of demand deposed that annexed thereto "is a copy of the account sued upon in this action."

*Hilles* for defendant moved that judgment be refused, notwithstanding the affidavit of demand, because it nowhere appeared in the same that the cause of action sued upon was a "book account," and contended that the paper attached thereto was not a "copy of a book entry," as required by *Rev. Code (1893), Chap. 106, Sec. 4, p. 790.*

                                    Judgment refused.